79 F.3d 169
 316 U.S.App.D.C. 367
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
GRAPHNET, INC., Petitioner,
v.
FEDERAL COMMUNICATIONS COMMISSION and United States of
America, Respondents,
New Valley Corporation, et al., Intervenors.
 Nos. 95-1085, 95-1127 and 95-1151.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 6, 1996.
Rehearing and Suggestion for Rehearing In Banc Denied April
11, 1996.
 
 Before: HENDERSON, RANDOLPH, and TATEL, Circuit Judges.
 
 JUDGMENT
 
 1
 These cases were heard on petitions for review from the Federal Communications Commission. Having considered the record and the briefs and arguments of counsel, the court is satisfied that appropriate disposition of these cases does not require a published opinion. See D.C.Cir.R. 36(b).
 
 
 2
 As required by this court's decision in TRT Telecommunications Corp. v. FCC, 857 F.2d 1535 (D.C.Cir.1988), the Commission provided a reasoned explanation for its decision that Western Union should be reimbursed for the full public rate in effect during the Phase I period. Relying on the representations of the parties, the Commission reasonably concluded that the data necessary to perform a division of revenues analysis was not available, and that the only other option--failing to reimburse Western Union at all--would be inequitable.
 
 
 3
 The Commission also correctly concluded that the Record Carrier Competition Act, 47 U.S.C. § 222, did not require the Commission to give the interconnected carriers a discount from Western Union's public rate. Section 222(c)(2) states that "to the extent possible" the Commission should require that rates be based on costs. This section does not mandate a discount for interconnected carriers because the interconnected carriers could not show that Western Union achieved significant cost savings in providing them service.
 
 
 4
 The Commission's decisions in the Phase II Reimbursement Orders were reasonable. The Commission required the interconnected carriers to reimburse Western Union for inbound calls, but not for outbound calls, because a difference in billing practices meant that the discount for outbound calls was passed on to the interconnected carriers' customers, but the discount for inbound calls was not. And the Commission allowed the interconnected carriers to offset the increased rate they paid due to Western Union's 1983 rate increase, but did not allow them to offset the increased rates that Western Union's other customers paid. Both of these decisions were reasonable and were within the Commission's authority to resolve the parties' claims equitably.
 
 
 5
 The Commission had authority under 47 U.S.C. §§ 154(i) and 222 to award interest. This authority is inherent in the Commission's authority to resolve disputes and order reimbursement. The Commission reasonably concluded that an interest award was necessary in this case to make Western Union whole. It is therefore
 
 
 6
 ORDERED and ADJUDGED that the petitions for review be denied.
 
 
 7
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 41.